| | |
|---|---|
| Liz Boydston (SBN 24053684) | Andrew J. Nazar (admitted *Pro Hac Vice*) |
| Stephen McKitt (SBN 24116745) | Polsinelli PC |
| Polsinelli PC | 900 West 48th Place, Suite 900 |
| 2950 N. Harwood, Suite 2100 | Kansas City, Missouri 64112 |
| Dallas, Texas 75201 | Telephone: (816) 753-1000 |
| Telephone: (214) 397-0030 | Facsimile: (816) 753-1536 |
| Facsimile: (214) 292-8475 | anazar@polsinelli.com |
| lboydston@polsinelli.com | |
| smckitt@polsinelli.com | |

*Proposed Counsel to the Debtors and Debtors In Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| North Richland Hills Alamo, LLC, *et al.*,[1] | § | Case No. 22- 40384 (ELM) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER**
**(I) APPROVING SETTLEMENT AGREEMENT,**
**(II) AUTHORIZING THE DEBTORS TO CONSUMMATE THE SETTLEMENT,**
**EXECUTE TRANSACTION DOCUMENTS, AND PERFORM OBLIGATIONS**
**OF THE SETTLEMENT, (III) DISMISSING THE CINCO PELICULAS, LLC**
**BANKRUPTCY CASE, AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move (the "**Motion**") for entry of the order annexed hereto as Exhibit A (the "**Settlement and Dismissal Order**") respectively, pursuant to sections 105(a), 305, 349 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"): (i) approving the Fifth Amendment to Lease (the "**Agreement**") and the release of any claims against Iced Tea with Lemon, LLC by the Cinco Peliculas Landlord and

---

[1] The Debtors in these Subchapter V Cases, along with each Debtor's last four digits of its federal tax identification number and address, are: North Richland Hills Alamo, LLC (2387) 8380 Davis Boulevard, North Richland Hills, Texas 76182; Cinco Peliculas, LLC (2677) 6770 Abrams Road, Dallas, Texas 75231; and Iced Tea with Lemon, LLC (6250) 100 South Central Expressway #14, Richardson, Texas 75080.

82391213.2

waiving any events of default under the Cinco Peliculas lease; (ii) dismissing the Cinco Peliculas, LLC bankruptcy, but preserving any relief granted by the Bankruptcy Court and payments made; (iii) modifying the joint administration order and any other first day orders; and (iv) such other relief as the Court deems just and proper.  In support of the Motion, the Debtors rely upon the *Declaration of William C. DiGaetano, Chief Executive Officer of Debtors, in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court concurrently herewith (the "**First Day Declaration**").[2] In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtors consent to entry of a final order under Article III of the United States Constitution.

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 305, 349, and 363, Bankruptcy Rule 9019.

## BACKGROUND

**A.    General Background**

4. On February 25, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under subchapter v of chapter 11 of the Bankruptcy Code (the "**Subchapter V Cases**").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

82391213.2

5. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Subchapter V Cases is set forth in the First Day Declaration and incorporated herein by reference.

6. The Debtors continue to operate their businesses and manage their businesses as debtors in possession pursuant to Bankruptcy Code section 1184.

7. The Office of the United States Trustee for the Northern District of Texas appointed a Subchapter V trustee in the Subchapter V Cases (the "**Subchapter V Trustee**").

**B.    Cinco Peliculas Bankruptcy Filing and Settlement Terms**

8. On July 12, 2016, Debtor Cinco Peliculas, LLC ("**Cinco**") entered into that certain Retail Lease (as amended, "**Cinco Lease**") with RPI Skillman Abrams S.C. Ltd.; Cherokee Creekside LLC; Meadows Creekside LLC; Pecan Creekside LLC; Fort Worth Creekside LLC; and Western Creekside LLC Pursuant to Tenants in Common Agreement Dated May 30, 2019 Between Such Parties (collectively, the "**Cinco Landlord**") regarding lease of the premises of the Lake Highlands location. The Cinco Lease is guaranteed by Debtor Iced Tea with Lemon, LLC ("**Iced Tea**"). As of the Petition Date, Debtor Cinco is current on its obligations under the Cinco Lease.

9. As reflected in the First Day Declaration, Debtor Cinco filed for Subchapter V Bankruptcy solely because Debtor Iced Tea, which guarantied the Cinco Lease, also guarantied the NRH Lease. Due to the terms of the Cinco Lease and the filing of the lawsuit against Debtor Iced Tea and the need for Debtor Iced Tea to file for bankruptcy protection, Debtor Cinco also needed to file for bankruptcy protection. Other than the potential cross-default under the Cinco Lease, Debtor Cinco did not otherwise need to seek bankruptcy protection.

10. Shortly after the filing of the Cinco bankruptcy case, the Cinco Landlord approached the Debtors about the filing and began settlement discussions to quickly resolve the

82391213.2

bankruptcy filing. Those discussions culminated in the attached Agreement in the form of a lease amendment to the Cinco Lease that the Debtors seek to approve under this Motion. A key component of the terms of this Agreement is for the Debtors to quickly move to approve the same, and to dismiss the Cinco bankruptcy case.

11. The basic deal points of the Agreement[3] are:

(a) Debtor Iced Tea is released as a guarantor of the Cinco Lease and the Cinco Landlord releases any and all claims against Debtor Iced Tea as of the Effective Date of the Agreement;

(b) The Cinco Landlord releases any and all existing events of default relating to the bankruptcy filings of the Debtors and the lawsuit filed by another entity against Debtor Iced Tea under the Cinco Lease as of the Effective Date of the Agreement[4];

(c) Non-debtor Dos Peliculas, LLC signs the new guaranty of the Cinco Lease attached to the Agreement under the same terms as of previous guaranty, essentially substituting guarantors, as of the Effective Date of the Agreement; and

(d) The Cinco bankruptcy is dismissed pursuant to the terms of the attached Order, carving Debtor Cinco out of the existing orders, but otherwise preserving in full the courts previous order and approving any payments previously made.

12. As to the Debtors estates and parties in interest, there is only benefit in terms of the Agreement. As to Debtor Iced Tea, its potential contingent liabilities under its guaranty of the Cinco Lease in the estimated contingent amount of $3.5 million are eliminated on the Effective Date of the Agreement. As to Debtor Cinco, its sole reason for filing bankruptcy is eliminated and any potential defaults relating to the bankruptcy filings of the Debtors a lawsuit against Debtor Iced Tea under the Cinco Lease are waived as of the Effective Date. All creditors with claims against Debtor Cinco retain those claims to be dealt with outside of bankruptcy process. Thus, the

---

[3] The description of these terms is for summary purposes only and to the extent they differ from the terms of the Agreement, the terms of the Agreement control.
[4] The Cinco Landlord agrees that, to Landlord's actual knowledge, without investigation or inquiry, no other defaults or events of default exist under the Lease as of March 8, 2022.

4

82391213.2

Debtors move for approval of the Agreement and dismissal of the Cinco Peliculas, LLC bankruptcy on an expedited basis.

## RELIEF REQUESTED

13. Through this Motion, the Debtors seek (a) approval of the Agreement, (b) dismissal of solely the Cinco Peliculas, LLC Bankruptcy, preserving the relief granted in the bankruptcy cases and carving out Debtor Cinco out of any existing court orders, but approving any payments made and maintaining any orders previously entered; (c) approving payment of fees and expenses of Polsinelli P.C. by the Debtor Cinco after circulation of the fees and expenses to the Debtors, the Subchapter V Trustee, and the US Trustee, without further order of this Court unless objections are made by the parties listed herein; and (d) related relief.

## BASIS FOR RELIEF

**A.   The Agreement Easily Satisfies the Applicable Standards under Fed. R. Bankr. P. 9019**

14. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The United States Supreme Court has recognized that compromises and settlements are "a normal part of the process of reorganization." *Protective Committee for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Accordingly, a Bankruptcy Court may, in its discretion, approve settlements in accordance with Bankruptcy Rule 9019(a). *CFB-5, Inc. v. Cunningham*, 371 B.R. 175, 181 (N.D. Tex. 2007). "Approval should only be given if the settlement is fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997) (internal quotations omitted); *In re Heritage Org., L.L.C.*, 375 B.R. 230, 259 (Bankr. N.D. Tex. 2007) (internal quotations omitted).

5

15. In deciding whether the settlement of a controversy is "fair and equitable," the Court must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation. *In re Cajun Elec.*, 119 F.3d at 355; *In re Heritage Org.*, 375 B.R. at 259. The factors to be reviewed by the Court in determining whether or not to approve a compromise are:

    (a) the probability of success in the litigation, with due consideration for the uncertainty in fact and law;

    (b) the complexity and likely duration of the litigation and any attendant expenses, inconvenience and delay; and

    (c) all other factors bearing on the wisdom of the compromise.

*In re Cajun Elec.*, 119 F.3d at 356; *In re Heritage Org.*, 375 B.R. at 259. The Court should also consider the best interest of the creditors, with proper deference to their reasonable views, and the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion. *In re Cajun Elec.*, 119 F.3d at 356; *In re Heritage Org.*, 375 B.R. at 260.

16. It is unnecessary for the Court to conduct a mini-trial before approving a settlement. *In re Cajun Elec.*, 119 F.3d at 356; *In re Heritage Org.*, 375 B.R. at 260. The Court need only make itself aware of relevant facts and law so that it may make an informed and intelligent decision. *In re Cajun Elec.*, 119 F.3d at 356; *In re Heritage Org.*, 375 B.R. at 260. "The settlement need not result in the best possible outcome for the debtor, but must not fall beneath the lowest point in the range of reasonableness." *In re Idearc Inc.*, 423 B.R. 138, 182 (Bankr. N.D. Tex. 2009), *aff'd sub nom. In re Idearc, Inc.*, 662 F.3d 315 (5th Cir. 2011).

17. Approval of the Agreement, which is a product arms-length bargaining between the Debtors and the Cinco Landlord, is fair and equitable and in the best interest of the Debtors' estates; and the relevant factors weigh in favor of approving the Agreement.

18. The Agreement is beneficial to the Debtors' estates because it resolves the only reason Debtor Cinco filed for Bankruptcy protection. The Agreement will waive a large contingent

claim against Debtor Iced Tea. The consideration for the waiver of claims and waiver of the defaults relating to the bankruptcy filings of the Debtors and litigation filed against Debtor Iced Tea from the Cinco Landlord is the substitution of a non-Debtor guarantor, so it will not have a negative impact on the Bankruptcy Cases. Thus, the Agreement provides a fair resolution in light of the legal and economic risks to the Debtors. Based on the foregoing, the Debtors submit that the Agreement is in the best interests of the Debtors' estates and should be approved.

**B.      Dismissal of the Cinco Bankruptcy is Warranted Pursuant to the Terms of the Agreement and Order Attached.**

19.     As noted above, a key component of the terms of the Agreement is the expedited dismissal of the Cinco bankruptcy. Thus, the Court should approve the dismissal of Cinco bankruptcy on the terms of the Order attached hereto. Dismissal is in the best interest of the Cinco Bankruptcy estate there would be limited benefit to pursuing confirmation of a chapter 11 plan, once the Agreement is approved, and considerable administrative cost in doing so. Dismissal, pursuant to the Order attached, would preserve any claims against Debtor Cinco along with any defenses thereto, but resolve the lease guarantor default that necessitated the Cinco Bankruptcy filing in the first place.

20.     The Third Circuit stated that "structured dismissals are 'simply dismissals that are preceded by other orders of the bankruptcy court' that 'for cause' may be given continuing effect by the Court. *Official Comm. of Unsecured Creditors v. CIT Grp./Bus. Credit Inc. (In re Jevic Holding Corp.*), 787 F.3d 173, 181 (3d Cir. 2015), cert. granted, *Czyzewski v. Jevic Holding Corp.*, 136 S. Ct. 2541 (U.S. June 28, 2016) (No. 15-649). (referring to court's ability to deviate from section 349(b) of the Bankruptcy Code for cause). A court has broad discretion to dismiss a case. *In re Hedquist*, 450 F.3d 801, 804 (8th Cir. 2006). Here, the only "structure" to the dismissal that the Debtors are requesting is that the order approving the Agreement, and any other orders and

payments made thereon, are not unwound by dismissal. Other than the payment of fees to Polsinelli for its fees in connection with the dismissal, there are no other ordered fees provided in the order, provided that Debtor Cinco may pay claims in the ordinary course of its business and such creditors retain their remedies against Cinco outside of bankruptcy. Thus, there is nothing controversial dismissal requested in this dismissal.

21. Under section 1112(b) of the Bankruptcy Code, a court shall "convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate," if the movant establishes "cause." 11 U.S.C. § 1112(b); *Jevic Holding*, 787 F.3d at 180; *Albany Partners Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 674 (11th Cir. 1984); *In re Blunt,* 236 B.R. 861, 864 (Bankr. M.D. Fla. 1999). Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy courts across the country have approved structured dismissals pursuant to sections 1112(b) and 105(a) of the Bankruptcy Code. *See, e.g., In re Olympic 1401 Elm Assocs., LLC*, No. 16-30130 (HDH), 2016 WL 4530602, at *2 (Bankr. N.D. Tex. Aug. 29, 2016); *In re Naartjie Custom Kids, Inc.*, 534 B.R. 416, 426 (Bankr. D. Utah 2015); *In re LUHC Wind Down Corp*., Case No. 13-11391 (KJC) (Bankr. D. Del. Apr. 1, 2015) [Docket No. 596]; *In re Buffet Partners, L.P*., Case No. 14-30699 (HDH), 2014 WL 3735804 (Bankr. N.D. Tex. July 28, 2014); *In re AI Liquidation Co.,* Case No. 13-12874 (CSS) (Bankr. D. Del. Feb. 28, 2014) [Docket No. 166]; *In re Coach Am. Grp. Holdings Corp.,* Case No. 12-10010 (KG) (Bankr. D. Del. May 31, 2013) [Docket No. 1568]; *In re Penn Camera Exchange, Inc.*, Case No. 12-10113 (PM) (Bankr. D. Md. Aug. 21, 2012) [Docket No. 271]; *In re Felda Plantation, LLC*, Case No. 11-14614 (BSS) (Bankr. M.D. Fla. May 5, 2012) [Docket No. 244]; *In re KB Toys, Inc.*, Case No. 08-13269 (KJC) (Bankr. D. Del. Feb. 2, 2010)

8

82391213.2

[Docket No. 993]; *In re Shoe Pavilion Inc.*, Case No. 08-14939 (MT) (Bankr. C.D. Cal. Nov. 17, 2009) [Docket No. 1014]; *In re Bag Liquidation, LTD*., Case No. 08-32096 (Bankr. N.D. Tex. Sept. 8, 2009) [Docket No. 683]; *In re Dawahare's of Lexington, LLC*, Case No. 08-51381 (Bankr. E.D. Ky. Dec. 30, 2008) [Docket No. 316]; *In re Princeton Ski Shop Inc*., Case No. 07-26206 (MS) (Bankr. D.N.J. Dec. 23, 2008) [Docket No. 546]; *In re Harvey Electronics, Inc*., Case No. 07-14051 (ALG) (Bankr. S.D.N.Y. Dec. 12, 2008) [Docket No. 177]; *In re TSIC, INC., f/k/a Sharper Image Corp.*, Case No. 08-10322 (KG) (Bankr. D. Del. Aug. 13, 2008) [Docket No. 2475]; *In re Fleurantin*, Case No. 06-21402 (RG) (Bankr. D.N.J. Nov. 26, 2008) [Docket No. 244], *aff'd,* 420 F. App'x 194 (3d Cir. Mar. 28, 2011); *In re Cornell Trading, Inc*., Case No. 06-10017 (JNF) (Bankr. D. Mass. June 5, 2007) [Docket No. 770]; *In re Shoebilee, Inc*., Case No. 01-75781 (Bankr. N.D. Ga. May 4, 2005) [Docket No. 84]; *In re Buffet Partners, L.P.*, 2014 WL 3735804 (Bankr. N.D. Tex. 2014) (Hale, J.); *In re Olympic 1401 Elm Assoc., LLC*, 2016 WL 4530602 (Bankr. N.D. Tex. 2016) (Hale, J.).

22. A determination of "cause" is made by the court on a case-by-case basis. *Albany Partners*, 749 F.2d at 674. The decision to dismiss or convert a case is particularly delegated to the bankruptcy court's sound discretion. *See In re Camden Ordinance Mfg. Co. of Arkansas, Inc.*, 1999 WL 587790, at *2 (Bankr. E.D. Pa. July 21, 1999). "In defining the essential role of the cause standard, it is useful to bear in mind the fundamental purposes and limitations of chapter 11 as they relate to [Bankruptcy Code] section 1112(b)," including, inter alia, (i) maximizing creditor returns, and (ii) providing for a negotiated resolution of a debtor's case. *See* 7 *Collier on Bankruptcy* ¶ 1112.04 (Richard Levin & Henry J. Sommer eds., 16th ed.).

23. The legislative history of section 1112(b) of the Bankruptcy Code and relevant case authority indicate that a court has wide discretion to use its equitable powers to dispose of a

82391213.2

debtor's case. H.R. Rep. No. 95-595, 1st Sess., at 405 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963; S. Rep. No. 95-989, 2d Sess., at 117 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787; *see also Albany Partners*, 749 F.2d at 674 (stating that "the determination of cause under § 1112(b) is subject to judicial discretion under the circumstances of each case"); *Small Bus. Admin. v. Preferred Door Co. (In re Preferred Door Co.)*, 990 F.2d 547, 549 (10th Cir. 1993) (stating that a court has broad discretion to dismiss a bankruptcy case); *Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza I, Ltd.)*, 935 F.2d 723, 728 (5th Cir. 1991) (stating that a determination of whether cause exists under section 1112(b) of the Bankruptcy Code "rests in the sound discretion of the bankruptcy court").

24. Section 1112(b) of the Bankruptcy Code provides a nonexclusive list of sixteen examples of "cause" which may constitute grounds for dismissal. 11 U.S.C. § 1112(b)(4)(A)-(P); *Frieouf v. U.S. (In re Frieouf)*, 938 F.2d 1099, 1102 (10th Cir. 1991) (stating that section 1112(b) of the Bankruptcy Code's list is non-exhaustive); *In re Blunt*, 236 B.R. at 864 (same).

25. This Court has the flexibility to enter appropriate orders to protect the rights acquired by various parties in interest in reliance on the Bankruptcy Cases. *See Czyzewski v. Jevic Holding Corp. (In re Jevic Holding Corp.)*, 137 S. Ct. 973, 984, 197 L. Ed. 2d 398, 77 C.B.C.2d 596 (2017). In this case, the proposed dismissal does not affect distributions contrary to the priority scheme imposed by applicable law, and preserves the same.

26. The cost of pursuing a plan of reorganization, assuming the Court's approval of the Agreement would outweigh the limited benefit to Debtor Cinco. The Debtors have met their burden of proving that cause exists to dismiss the Cinco bankruptcy under section 1112(b) of the Bankruptcy Code due to benefit to the parties in interest and the Debtors.

27. Once a court determines that cause exists to dismiss a chapter 11 case, the court must also evaluate whether dismissal is in the best interests of the estates and creditors, as opposed to conversion of the case to one under chapter 7 or the appointment of a chapter 11 trustee. *See Rollex Corp. v. Associated Materials, Inc. (In re Superior Sliding & Window, Inc.)*, 14 F.3d 240, 243 (4th Cir. 1994); *In re Mazzocone*, 183 B.R. 402, 411 (Bankr. E.D. Pa. 1995), *aff'd*, 200 B.R. 568 (E.D. Pa. 1996). Debtors submit that conversion of Debtor Cinco's case to chapter 7 would destroy a valuable operating entity that is capable of paying its debts in the ordinary course of its business, and indeed return profit above its expenses. Therefore, conversion is unwarranted. Dismissal of the Cinco Case will eliminate the accrual of additional administrative expenses and allow payment of its debts in a timely and efficient manner.

28. Alternatively, cause exists to dismiss these Chapter 11 Cases pursuant to section 305(a) of the Bankruptcy Code which provides, in pertinent part:

> The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if –(1) the interests of creditors and the debtor would be better served by such dismissal or suspension . .

11 U.S.C. § 305(a)(1). In applying section 305(a), courts have considered a wide range of factors including, but not limited to:

(i) economy and efficiency of administration;

(ii) whether federal proceedings are necessary to reach a just and equitable solution;

(iii) whether there is an alternative means of achieving an equitable distribution of assets; and

(iv) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves the interests in the case.

*See In re Crown Village Farm, LLC*, 415 B.R. 86, 97 (Bankr. D. Del. 2009) (enumerating section 305(a) factors and denying motion only because dismissal or abstention would have a deleterious

11

82391213.2

effect on the administration of the debtor's chapter 11 case "which would languish while core issues were tried elsewhere"); *see also Mazzocone*, 200 B.R. at 575. However, "the exact factors to be considered and the weight to be given to each of them is highly sensitive to the facts of each individual case." *Id.*

29. Dismissal of the Cinco Bankruptcy is warranted under section 305(a)(1) for the same reasons that "cause" exists to dismiss these cases pursuant to section 1112(b) — dismissal of the Cinco Case will effectuate an efficient administration of the estates and represents the least expensive and most equitable alternative to a reorganization. Keeping the Debtor Cinco in bankruptcy, will not yield results that provide a greater distribution to creditors and would only serve to continue the accrual of administrative expenses of the estates.

30. The Debtors submit that the dismissal of the Cinco Bankruptcy further the efficient administration of the Debtor Cinco's estate. and the maximization of value for creditors. Accordingly, the Debtors believe that cause exists to dismiss the Cinco Bankruptcy under section 305(a) of the Bankruptcy Code.

**C.  BINDING EFFECT OF PRIOR STIPULATIONS, SETTLEMENTS, RULINGS, ORDERS AND JUDGMENTS**

31. Dismissal of a case by the court pursuant to section 349(b) of the Bankruptcy Code will "typically reinstate the pre-petition state of affairs by revesting property in the debtor and vacating orders and judgments of the bankruptcy court." *Jevic Holding*, 787 F.3d at 181.

32. This result, however, may be altered "for cause." *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 979 (2017). "This provision appears designed to give courts the flexibility to "make the appropriate orders to protect rights acquired in reliance on the bankruptcy case." *Id.* at 984. Based on the reasons set forth in this Motion, the Debtors submit that cause exists to allow

82391213.2

all stipulations, settlements, rulings, orders, and judgments entered by this Court during these Chapter 11 Cases to be given continued effect, notwithstanding the requested dismissal.

## WAIVER OF 14-DAY STAY

33. Pursuant to Bankruptcy Rule 6004(h), the Debtors seek a waiver of any stay of the effectiveness of an order granting this Motion, to the extent that it applies to the relief requested in this Motion. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

34. The Debtors request that any order approving this Motion be effective immediately, thereby waiving any applicable stays imposed by the Bankruptcy Rules. These waivers or eliminations of any applicable stays are necessary for the transactions contemplated by the Agreement to close as expeditiously as possible. The Debtors respectfully submit that it is in the best interest of their estates to consummate the Agreement as soon as possible. Accordingly, the Debtors request that the Court eliminate any applicable stays imposed by the Bankruptcy Rules.

## NOTICE

35. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the Northern District of Texas; (b) the Office of the Attorney General of Texas; (c) all parties listed on the debtors matrixes; (d) the Internal Revenue Service; (e) the Subchapter V Trustee; (f) Tarrant County Texas at Laurie.Spindler@lgbs.com and dallas.bankruptcy@lgbs.com and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.

36. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

82391213.2

## NO PRIOR REQUEST

37. No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially similar to the form attached as Exhibit A, granting (i) the relief requested herein and (ii) such other and further relief as it deems just and proper.

Respectfully submitted,
Dated: March 15, 2022
   Dallas, Texas

**POLSINELLI PC**

*/s/ Liz Boydston*
Liz Boydston (State Bar No. 24053684)
Stephen McKitt (State Bar No. 24116745)
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 661-5557
Facsimile: (214) 292-8475
lboydston@polsinelli.com
Smckitt@polsinelli.com

-and-

Andrew J. Nazar (admitted *Pro Hac Vice*)
Polsinelli PC
900 West 48th Place, Suite 900
Kansas City, Missouri 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
anazar@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*

82391213.2